UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| JIMMY DALE SMITH, | ) | |
| :--- | :--- | :--- |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CV299 RWS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Jimmy Dale Smith seeks to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Following a jury trial, Smith was convicted on one count of being a felon in possession of a firearm. Criminal Case No. 4:07CR655 RWS. He was sentenced to eighty-four months imprisonment. In his petition, Smith raises nine grounds for relief. Eight grounds are procedurally defaulted. The ninth claim is for ineffective assistance of counsel. Smith's amended petition raises claims of prosecutorial misconduct, also procedurally defaulted, and ineffective assistance of counsel. For the reasons that follow, I conclude that the records before me conclusively demonstrate that Smith has no right to relief. After careful consideration of all the evidence, I must deny Smith's motion without an evidentiary hearing for the reasons that follow.

## Background Facts

The following facts were established at trial. On June 8, 2007, the St. Louis Metropolitan Police Department received a 911 emergency call from a female caller who indicated that she had been threatened by a man with a gun in the vicinity of 4110 Ashland. Officers Steve Schwerb and Tim Wiechert responded to the location. When they arrived, there was a large crowd of people involved in an altercation at that location, including in a vacant lot between 4110 and 4116 Ashland. A female, later identified as Ms. Cain, approached the officers and indicated that a man on the front porch of the building at 4116 Ashland had threatened her with a gun. 4116 Ashland is a four-family flat structure with two downstairs apartments (4116 and 4118) on the ground level and two apartments (4116-A and 4118-A) upstairs.

The officers approached the man, who was later identified as Jimmy Dale Smith. Officer Schwerb patted him down for safety purposes and advised him of his Miranda rights, which he acknowledged. Smith was cooperative and invited the officers inside his apartment, 4118 Ashland, which he shared with his girlfriend. When told about Ms. Cain's complaint, Smith stated that he had pretended to have a handgun under his shirt in an attempt to calm down the family from 4110 Ashland, which was having a dispute with his girlfriend's family.

Officer Schwerb then asked Smith if he kept a firearm in the residence. Smith stated that he did not keep one downstairs, because he knew he was not supposed to have one where he sometimes sleeps, but that he kept a shotgun for protection in the vacant apartment upstairs, 4118-A Ashland. Smith then led the officers to the back of the 4118 apartment to an interior stairwell that connected the upstairs and downstairs apartments. Officer Schwerb climbed the stairs to the vacant upstairs apartment, where the door between the two apartments was open. The upstairs apartment was in the process of being remodeled, including having new drywall installed, so there were drywall and plumbing supplies lying around. In the upstairs apartment, in the location indicated by Smith, Officer Schwerb found a 12 gauge shotgun loaded with four live rounds. After rendering the gun safe, Officer Schwerb returned to the downstairs apartment. He then spoke again with Cain, who stated that had not been threatened with a shotgun, that she had never actually seen a gun in his hand, but that he had held his hand under his shirt.

    Officer Schwerb then returned to Smith's apartment and told him that there did not appear to be any violations of the law. Smith replied that he was relieved to hear it because he had just gotten off federal paper. This notified officers that Smith was a convicted felon. Smith was advised of his Miranda rights again, and he admitted that he was a convicted felon. The officers then took him into

custody.

Evidence established that the firearm functioned as designed as was manufactured outside the State of Missouri. Smith stipulated, pursuant to an <u>Old Chief</u> stipulation, that he was a convicted felon. He also entered into a stipulation with respect to Rule 404(b) evidence and admitted that he had prior felony convictions for unlawful use of a weapon - flourishing and for felon in possession of a firearm. These stipulations did not advise the jury of the facts and circumstances of Smith's prior felony convictions, which included two violent domestic assaults against his wife and former girlfriend. Smith's estranged wife, Ankisa Taylor, testified that Smith was skilled in hanging drywall and remodeling work, which provided circumstantial evidence corroborating Smith's frequenting of the upstairs apartment. The trial lasted two days, and on June 10, 2008 the jury found Smith guilty. He was sentenced on November 3, 2008.

Smith, through his appointed counsel, filed a timely notice of appeal with the Eighth Circuit Court of Appeals. <u>See</u> <u>United States v. Jimmy Dale Smith</u>, No. 08-3688 (8th Cir. 2008). Before his opening brief was due, Smith voluntarily dismissed his appeal on December 24, 2008. In his notice of dismissal, which was signed by Smith and his attorney, Smith advised the appellate court that he "understands that he has a right to appeal and has been advised of the

consequences of dismissal of his appeal." The Eighth Circuit dismissed his appeal on December 29, 2008.

## Discussion

A.  *No Evidentiary Hearing is Required*

I will not hold an evidentiary hearing on this matter. "A petitioner is entitled to an evidentiary hearing on a section 2255 motion unless the motion and the files and records of the case conclusively show that he is entitled to no relief." Anjulo-Lopez v. United States, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citation omitted). "No hearing is required, however, where the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based." Id. (internal quotation marks and citation omitted). Here, when I consider the file as a whole I find that Smith's claims are inadequate on their face and conclusively refuted by the record. The motion is denied for the reasons that follow.

B.  *I will not Appoint Counsel for Smith*

Smith seeks appointment of counsel. "Where an evidentiary hearing is not required, the district court retains jurisdiction to determine whether counsel should be appointed." United States v. Degand, 614 F.2d 176, 179 (8th Cir. 1980). In reviewing Smith's § 2255 motion, amended motion, and traverse, it is clear that he

has adequately raised the issues he wants the Court to address and that appointment of counsel is unnecessary. Further, the record conclusively demonstrates that Smith is not entitled to relief. Therefore, the motion for appointment of counsel will be denied.

    C.    *Arguments That Could Have Been Raised on Direct Appeal But Were Not Are Precluded From Review in This § 2255 Proceeding Absent A Sufficient Showing To Avoid the Procedural Bar*

"A collateral challenge may not do service for an appeal." <u>United States v. Frady</u>, 456 U.S. 152, 165 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." <u>Poor Thunder v. United States</u>, 810 F.2d 817, 823 (8th Cir. 1987) (internal citation omitted). Because Smith voluntarily dismissed his appeal, he raised no grounds for relief on direct appeal. Because all of Smith's claims,[1] except those alleging ineffective assistance of counsel, could have been raised on direct appeal but were not, they cannot be raised in a § 2255 motion unless the

---

[1]These claims include the following in his petition: Grounds A (evidence used against him was obtained by an unconstitutional search and seizure); B (unlawful arrest); C (his conviction violated the privilege against self-incrimination); E (improper jury instruction regarding Rule 404(b) was given to the jury); F and G (jury instructions 10, 14, 15, 16 and 17 were improper); H (defendant's wife was improperly permitted to testify); and, I (pretrial motions to suppress evidence and statements were improperly denied). Smith's claim of prosecutorial misconduct, which is really a claim attacking the sufficiency of the evidence, raised in his amended petition could have also been brought on direct appeal.

movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993); Mathews v. United States, 114 F.3d 112, 113 (8th Cir. 1997).[2]

Although Smith makes no attempt to excuse the procedural default of his claims, he does argue ineffective assistance of counsel as a ground for relief. The "cause and prejudice" that must be shown to consider a procedurally defaulted claim may include ineffective assistance of counsel. See Becht v. United States, 403 F.3d 541, 545 (8th Cir. 2005). "Actual prejudice" requires a showing that the alleged error "worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Johnson v. United States, 278 F.3d 839, 844 (8th Cir. 2002) (internal quotation marks and citation omitted).

Smith cannot avoid the procedural default of his claims because his attorney was not ineffective for the reasons discussed below. Therefore, Smith may not raise his defaulted claims in this § 2255 proceeding and Grounds A, B, C, E, F and G , H and I of his petition and his claim of prosecutorial misconduct in his

---

[2]A movant can also avoid procedural default by demonstrating actual innocence. Johnson v. United States, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, a § 2255 movant must show either cause and actual prejudice, or that he is actually innocent.") (internal quotation marks and citations omitted). Actual innocence is a strict standard that cannot be met here because "the evidence is sufficient to support a conviction on the charged offense." Id. (internal quotation marks and citation omitted).

amended petition are dismissed.[3]

D.  *Smith did not Receive Ineffective Assistance of Counsel*

Smith's petition and amended petition allege that counsel was ineffective for failing to: 1) call certain witnesses; 2) file an adequate motion to suppress; 3) request a Franks hearing; 4) object to and mitigate prosecutorial and police misconduct; and, 5) file a direct appeal.  He also alleges that his attorney was ineffective for allowing him to enter into stipulations with the government.  The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel.  Strickland v. Washington, 466 U.S. 668, 686 (1984).  To state a claim for ineffective assistance of counsel, Smith must prove two elements of the claim.  First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Id. at 687.  In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689.  The courts seek to "eliminate the distorting effects of hindsight" by examining

---

[3]Even if Smith's allegations of ineffective assistance of counsel were sufficient to constitute cause and prejudice to excuse his otherwise procedurally defaulted claims, Smith could not prevail on the merits of his claims for the reasons set out in defendant's responses to Smith's motion and amended motion.

- 8 -

counsel's performance from counsel's perspective at the time of the alleged error. Id. Second, Smith "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995). As a matter of law, counsel cannot be ineffective for failing to make a meritless argument. Rodriguez v. United States, 17 F.3d 225, 226 (8th Cir. 1994).

Smith argues that his attorney's "failure to have Ms. Cain and Mr. Clemons present in court to testify to test the veracity of the police officer's statements through a Franks v. Delaware hearing" was ineffective assistance of counsel. He also challenges counsel's failure to call his girlfriend, her sister, and his girlfriend's children to testify. Ms. Cain refers to Patricia Cain, the woman who originally complained to the police officers arriving on the scene that Smith appeared to be in possession of a handgun. Mr. Clemons refers to John Clemons, the father of Smith's girlfriend, Gemalia McGhee. Clemons was apparently the owner of the building at 4116 Ashland, and Smith argues that Clemons was the true owner of the shotgun.

To the extent Smith's claim is challenging counsel's failure to call witnesses at a Franks hearing, the claim is denied because Smith was not entitled to a Franks hearing for the reasons discussed below. To the extent Smith's allegation can also be construed as challenging counsel's failure to call these witnesses to testify at trial, the claim is also meritless. "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." United States v. Rice, 449 F.3d 887, 897 (8th Cir. 2006). "The decision not call a witness is a virtually unchallengeable decision of trial strategy . . . ." United States v. Staples, 410 F.3d 484, 488 (8th Cir. 2005); see also Ringo v. Roper, 472 F.3d 1001, 1007 (8th Cir. 2007).

Trial counsel provided an affidavit in this case that conclusively refutes Smith's allegations in relevant part as follows:

> 8. That Mr. Smith told me he lived at the 4118 Ashland address with his girlfriend, Ms. Gemealia McGhee, and her children and that, upon information and belief, he gave this as his address at his initial appearance and to Pretrial Services as well.
>
> 9. That Ms. McGhee initially told me that the shotgun found by the police may have been left behind by the workmen rehabbing the apartment where it was found.
>
> 10. That Ms. McGhee later told me that the shotgun actually belonged to the owner of the building, her father, Mr. Clemons.
>
> 11. That I explained to Mr. Smith, as I had in my previous

representation of him, that ownership of the firearm was not an issue in the case and was not something that the U.S. Attorney had to prove to a jury.

12. That I explained to Mr. Smith that the difference between ownership and possession, and that the law did not require him to have the firearm in his hands or on his body or in his residence to possess it.

13. That Mr. Smith agreed that Ms. McGhee's children should not be called as witnesses because it appeared they would not be able to withstand cross examination on the primary issue in the case.

15. That Mr. Smith and I discussed possible witnesses who might be called in his defense at trial, as well as the possibility of his testifying in his own defense.

16. That Mr. Smith and I discussed whether Ms. Cain or Mr. Clemons should testify.

17. That Mr. Smith agreed that if it did not matter who owned the shotgun then ownership witnesses need not be called.

18. That Mr. Smith did suggest Ms. McGhee as a possible witness but never mentioned or suggested her sister.

19. That Ms. Gemealia McGhee, Mr. Smith's girlfriend and the daughter of Mr. Clemons, the owner of the very same shotgun, spoke to me several times about Mr. Smith, the arrest, and the shotgun.

20. That eventually, during the jury trial, Ms. McGhee told me that everybody, including her children, knew about the shotgun and that it was there.

21. That after discussing the matter with Mr. Smith, it was decided, and he agreed, not to call Ms. McGhee as a witness because of her statements to me and the possibility of her self incrimination.

> 22. That Mr. Smith agreed that we would have the prosecution witnesses testify but not call any defense witnesses at the motion hearing.

Smith does not refute any of counsel's testimony, which is supported by the fact that during the trial Smith did not object to or challenge his attorney's decision not to call these witnesses. Counsel's decision not to call Ms. McGhee, her children, or Mr. Clemons as witnesses was a strategic decision made after thorough investigation of the facts and the law and as such does not amount to deficient performance. See Staples, 410 F.3d at 489 (counsel's decision not to call witnesses was not ineffective where witnesses would have been subject to impeachment, would not hold up well on cross-examination, and their testimony was arguably biased by family loyalty). Despite Smith's arguments, Mr. Clemon's alleged ownership of the property and the shotgun do not absolve Smith from joint constructive possession of the weapon. Moreover, counsel cannot be held ineffective for failing to call a witness (McGhee's sister) of which he was unaware, and Smith offers no explanation of how her testimony or Ms. Cain's testimony would changed the outcome of his case or even benefitted Smith at all. See Barnett v. Roper, 541 F.3d 804, 809 (8th Cir. 2008) ("When the claim of ineffective assistance relates to counsel's failure to investigate or call witnesses, . . . an evidentiary hearing [is not required] if the movant does not identify who the

witnesses were, what their testimony would have been, whether or not counsel was informed of their existence, and whether or not they were available to testify."). Ms. Cain was not a witness to the events establishing Smith's guilt, which involved the discovery of the shotgun after Ms. Cain called the police. As such, his ineffective assistance of counsel claim based on an alleged failure to call witnesses will be denied.

Next, Smith argues that his attorney was ineffective for failing to file an "adequate pretrial motion to suppress." He complains that the motion was only two pages long and did not "challenge the police officer's veracity." This argument is meritless. Smith fails to identify any specific arguments that should have been made in the motion, but were not. A review of the file also conclusively refutes Smith's claim. Smith's attorney filed a motion to suppress evidence and statements, and demanded and obtained an evidentiary hearing before United States Magistrate Judge Audrey G. Fleissig[4] at which the government's key witness, Officer Schwerb, testified. Smith's attorney thoroughly challenged Officer Schwerb's testimony through cross-examination. That Judge Fleissig ultimately made a credibility determination in favor of the government's witness does not render counsel's assistance ineffective.

---

[4]Judge Fleissig is now a district judge on this Court.

To the extent Smith is attempting to challenge counsel's failure to call witnesses at his pretrial motion hearing, this claim likewise has no merit. Counsel's testimony conclusively refutes this allegation as follows:

> 14. That I discussed with Mr. Smith the nature of pre-trial motions and the particular pre-trial motions filed in this case and Mr. Smith decided we would not call witnesses at the hearing in the event he went to trial rather than plead guilty.

> 22. That Mr. Smith agreed that we would have the prosecution witnesses testify but not call any defense witnesses at the motion hearing.

This strategic decision amounts to one of trial strategy and does not constitute deficient performance as a matter of law. See Staples, 410 F.3d at 489. Smith's claim of ineffective assistance of counsel based on counsel's alleged failure to file an adequate suppression motion will be denied.

Smith next contends his counsel was ineffective for failing to request a Franks hearing. Franks v. Delaware, 438 U.S. 154 (1978), requires a hearing to assess the credibility of the affiant in a search warrant where a defendant makes a substantial preliminary showing that the affidavit included a material false statement made knowingly and intentionally, or with reckless disregard for the truth. United States v. Buchanan, 167 F.3d 1207, 1210 (8th Cir. 1999). This claim fails as a matter of law because this case did not involve a search warrant or

any law enforcement affidavit. Counsel was therefore not ineffective for failing to request a Franks hearing, and Smith's claim will be denied.

Smith also argues that his attorney was ineffective for "failing to object to and mitigate prosecutorial and police misconduct." Smith's allegations are vague and conclusory and essentially amount to a complaint that the evidence against him was "false" and his conviction was based on "misleading events." The evidence against Smith, as summarized above, was sufficient to convict him. Smith's possession of the shotgun was clearly established at trial because Smith said he kept the gun in the abandoned apartment and he had access to the apartment. To the extent Smith's allegation can be construed as a challenge to the legality of the search and seizure, that claim is also meritless. The police did not need a search warrant because Smith invited them inside the apartment and pointed them to the upstairs apartment where the gun was found. See United States v. Almeida-Perez, 549 F.3d 1162, 1169 (8th Cir. 2008). Smith's ineffective assistance of counsel claim will be denied.

Smith also alleges that his attorney was ineffective for allowing him to enter into stipulations with the government. The parties entered an Old Chief

stipulation[5] and a 404(b) stipulation before trial. The purpose of these stipulations was to prevent the jury from hearing the inflammatory facts underlying his prior convictions. Smith offers no evidence that entering into these stipulations, which prevented the jury from hearing potentially prejudicial evidence about him, constituted deficient performance or prejudiced him in any way. Therefore, Smith's ineffective assistance of counsel claim will be denied.

Finally, Smith alleges that his attorney was ineffective for "failing to file a requested direct appeal." A criminal defendant is constitutionally entitled to the effective assistance of counsel on direct appeal. Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003). To establish ineffective assistance of appellate counsel, the claimant must show that appellate counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced his appeal. Williams v. Kemna, 311 F.3d 895, 898, (8th Cir. 2002). To the extent Smith is attempting to argue that his attorney was ineffective because he failed to file a notice of appeal, his claim is denied because the records conclusively demonstrate that counsel timely filed a notice of appeal. However,

---

[5]An Old Chief stipulation allows a defendant to stipulate to his prior record where, as here, defendant's status as a felon is an element of the crime charged, thereby preventing further evidence of defendant's prior criminal history from being put before the jury. See Old Chief v. United States, 519 U.S. 172, 178 (1997).

Smith voluntarily dismissed his appeal before any briefs were filed. Smith argues that he was "not aware" he was dismissing his appeal. This contention is conclusively refuted by the record. The notice of dismissal was signed by Smith and states that he "understands that he has a right to appeal and has been advised of the consequences of dismissal of his appeal." Smith's signed statement is consistent with the testimony of his attorney, who avers in relevant part as follows:

> 23. That I did file a notice of appeal on Mr. Smith's behalf.
>
> 24. That I spoke with Mr. Smith about his appeal several times at length both by telephone and in person before and after the filing of the notice of appeal.
>
> 25. That Mr. Smith asked me about post conviction relief motion and I explained that he could raise any number of issues to the Court in a Section 2255 petition but he could only do so after his appeal was final.
>
> 27. That Mr. Smith told me that he wanted to file the 2255 motion instead of pursuing a direct appeal.
>
> 28. That I explained to Mr. Smith, who said he understood, that he was voluntarily dismissing his direct appeal by signing and filing the motion.

Smith cannot contradict his signed statement to the Eighth Circuit, and his ineffective assistance of counsel claim will be denied.

E. *I Will Not Issue a Certificate of Appealability*

As Smith has not made a substantial showing of the denial of a federal

constitutional right, this Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal or otherwise deserving of further proceedings).

For all the reasons stated above, Smith's §2255 motion will be denied. Accordingly,

**IT IS HEREBY ORDERED** that Jimmy Dale Smith's motion and amended motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 [#1, #35] are denied.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Smith has not made a substantial showing of the denial of a federal constitutional right.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel [#44] is denied.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 18th day of February, 2011.